**Erin M. Burris**, OSB No. 155379
erin.burris@millernash.com
**Cristela Delgado-Daniel**, OSB No. 193519
cristela.delgadodaniel@millernash.com
MILLER NASH LLP
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CALE MCCOLLOUGH,<br><br>Plaintiff,<br><br>v.<br><br>PORTLAND STATE UNIVERSITY, et al.<br><br>Defendants. | Case No. 3:23-CV-01582-AR<br><br>DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE MAKE MORE DEFINITE AND CERTAIN<br><br>**ORAL ARGUMENT REQUESTED** |

Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

**TABLE OF CONTENTS**

**Page**

LOCAL RULE 7-1 CERTIFICATION ................................................................................ 1

LOCAL RULE 7-2 CERTIFICATION ................................................................................ 1

MOTION ............................................................................................................................. 1

MEMORANDUM IN SUPPORT ........................................................................................ 1

I.     INTRODUCTION .................................................................................................... 1

II.    FACTUAL BACKGROUND FOR PURPOSES OF THIS MOTION ...................... 3

III.   ARGUMENT ............................................................................................................ 6

         A.     Plaintiff's ADA Claim Against PSU Should be Dismissed (First Count) ............. 9

                1.     ADA legal standards ................................................................... 9

                2.     Each of plaintiff's theories of liability under the ADA fail to state a
                       claim against PSU ...................................................................... 11

                       a.     The allegations do not show that PSU intentionally
                              discriminated against plaintiff during the student conduct
                              process because of his disability .................................... 11

                       b.     The allegations do not show that PSU discriminated against
                              plaintiff by failing to accommodate his disability during the
                              student conduct process ................................................ 12

                       c.     The allegations do not show that PSU discriminated against
                              plaintiff by failing to accommodate him by charging
                              plaintiff to retake classes and not offering resources ................... 13

         B.     Plaintiff's Section 1983 Fourteenth Amendment Substantive Due Process
                Claims Against Defendant PSU (Second and Third Counts) and Defendant
                Jeffords (Count Four) Should be Dismissed. ........................................ 14

                1.     Plaintiff's Section 1983 claim against PSU is subject to dismissal
                       because PSU has Eleventh Amendment immunity ................................. 15

                2.     Plaintiff's allegations do not state a substantive due process claim
                       against PSU ............................................................................ 16

Page i -    Table of Contents

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

**TABLE OF CONTENTS**
**(continued)**

Page

3. Plaintiff's Section 1983 Fourteenth Amendment claim against Defendant Jeffords should be dismissed .................................................... 17

    a. Plaintiff's allegations do not state a plausible Fourteenth Amendment claim against Jeffords .............................................. 17

    b. Defendant Jeffords is nonetheless entitled to qualified immunity ..................................................................................... 18

    c. Plaintiff does not allege a constitutional right, let alone a clearly established right ................................................................. 19

    d. Plaintiff does not allege knowingly unlawful conduct ............... 20

C. Plaintiff's Section 1983 First Amendment-Retaliation Claims Against Defendants PSU and Jeffords Should be Dismissed (Third and Fourth Counts) ....................................................................................................... 20

    1. PSU is entitled to Eleventh Amendment immunity ................................. 21

    2. Plaintiff failed to state a First Amendment-retaliation claim against PSU ........................................................................................................ 21

    3. Plaintiff's First Amendment-retaliation claim against Jeffords should be dismissed .................................................................................. 24

        a. Plaintiff's allegations do not state a plausible First Amendment-retaliation claim against Jeffords ........................... 24

        b. Jeffords is entitled to qualified immunity .................................. 24

        c. Plaintiff did not allege a clearly established constitutional right ........................................................................................... 25

        d. Plaintiff does not allege knowingly unlawful conduct ............... 25

D. Plaintiff's Section 1983 First Amendment-Retaliation Claim On Behalf of Plaintiff's Mother Should be Dismissed (Fifth Count) ....................................... 26

E. Plaintiff's Claims Against Jeffords Should Also Be Dismissed Because Plaintiff Did Not Properly Serve Jeffords ............................................................ 27

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

**TABLE OF CONTENTS**
**(continued)**

**Page**

F.     Alternatively, the Court Should Order Plaintiff to Make his Allegations More Definite and Certain ................................................................................. 29

IV.     **CONCLUSION** ....................................................................................................... **30**

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfano v. Farley*,
No. 3:12-CV-2319-PK, 2014 WL 2041137 (D Or Apr 29, 2014)............................................15

*Andrews v. Treasure Valley Comm. Coll.*,
No. 2:19-cv-01314-SU, 2020 WL 1678050 (D Or Mar 18, 2020).........................................19

*Ashcroft v. al-Kidd*,
563 US 731, 131 S Ct 2074, 179 L Ed 2d 1149 (2011)............................................................18

*Ashcroft v. Iqbal*,
556 US 662, 129 S Ct 1937, 173 L Ed 2d 868 (2009)..............................................................6

*Baker v. Foy*,
310 Or 221, 797 P2d 349 (1990) .............................................................................................29

*Barnes v. Olive*,
No. 2:15-cv-00520-HZ, 2015 WL 5813193 (D Or Sept 30, 2015) .........................................27

*Bell Atl. Corp. v. Twombly*,
550 US 544, 127 S Ct 1955, 167 L Ed 2d 929 (2007)..........................................................6, 7

*Bethel School Dist. No. 403 v. Fraser*,
478 US 675, 106 S Ct 3159, 92 L Ed 2d 549 (1986)..............................................................23

*Brainard v. Western Or. Univ.*,
No. 3:17-cv-0253-SI, 2017 WL 1534191 (D Or Apr 26, 2017) .............................................15

*Cahill v. Liberty Mut. Ins. Co.*,
80 F3d 336 (9th Cir 1996) .......................................................................................................27

*Cain v. Tigard-Tualatin Sch. Dist. 23J*,
262 F Supp 2d 1120 (D Or Jan 8, 2003) .................................................................................26

*Carroll v. Nakatani*,
342 F3d 934 (9th Cir 2003) .....................................................................................................26

*Chandler v. McMinnville Sch. Dist.*
978 F2d 524 (9th Cir 1992) .....................................................................................................23

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

*Chappell v. Mandeville*,
    706 F3d 1052 (9th Cir 2013) .................................................................................18

*City of Escondido v. Emmons*,
    586 US ___, 139 S Ct 500, 202 L Ed 2d (2019) .....................................................18

*Davis v. Shah*,
    821 F3d 231 (2d Cir 2016)........................................................................................9

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
    840 F2d 682 (9th Cir 1988) .....................................................................................29

*Doe v. Or. State Univ.*,
    614 F Supp 3d 847 (D Or 2022) ..............................................................................15

*Doe v. Univ. of Or.*,
    No. 6:17-cv-01103-AA, 2018 WL 1474531 (D Or Mar 26, 2018) ..........................19

*Duvall v. County of Kitsap*,
    260 F3d 1124 (9th Cir 2001) .............................................................................10, 11

*Gable v. Lewis*,
    201 F3d 769 (6th Cir 2000) .....................................................................................21

*Gutta v. Sedgwick Claims Mgmt. Servs., Inc.*,
    No. 3:22-cv-01145-HZ, 2023 WL 22182 (D Or Jan 1, 2023) ...................................7

*Hafer v. Melo*,
    502 US 21, 112 S Ct 358, 116 L Ed 2d 301 (1991).................................................18

*Hagel v. Portland State Univ.*,
    237 Fed App'x 146 (9th Cir 2007) ...........................................................................15

*Halpern v. Wake Forest Univ. Health Scis.*,
    669 F3d 454 (4th Cir 2012) ................................................................................12, 13

*Harlow v. Fitzgerald*,
    457 US 800, 102 S Ct 2727, 73 L Ed 2d 396 (1982)...............................................18

*Hebbe v. Pliler*,
    627 F3d 338 (9th Cir 2010) .......................................................................................7

*Ivey v. Bd. Of Regents of Univ. of Alaska*,
    673 F2d 266 (9th Cir 1982) .......................................................................................7

Page v -    Table of Authorities

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

*James v. Lindstrom*,
 No. 2:15-CV-00919-SU, 2016 WL 7851409 (D Or 2016)......................................................22

*Krainski v. Nevada ex rel Bd. of Regents of Nevada System of Higher Ed.*,
 616 F3d 963 (9th Cir 2010) ................................................................................................19, 24

*Liu v. Portland State Univ.*,
 No. 3:14-CV-00908-BR, 2016 WL 1228580 (D Or Mar 28, 2019).................................15, 30

*McDonald v. Smith*,
 472 US 479, 105 S Ct 2787, 86 L Ed 2d 384 (1985)..............................................................22

*Pinard v. Clatskanie Sch. Dist. 6J*,
 467 F3d 755 (9th Cir 2006) .....................................................................................................22

*Sasser v. Board of Regents of Univ. System of Georgia*,
 No. 21-14433, 2023 WL 2446720 (11th Cir 2023) .................................................................25

*Stull v. Buetler*,
 No. 3:20-cv-2067-JR, 2021 WL 5994516 (D Or Sept 22, 2021) ............................................13

*Troxel v. Granville*,
 530 US 57, 120 S Ct 2054, 147 L Ed 2d 49 (2000)......................................................16, 20, 25

*Tsao v. Desert Palace, Inc.*,
 698 F3d 1128 (9th Cir 2001) ...................................................................................................14

*Tuuamalemalo v. Greene*,
 946 F3d 471 (9th Cir 2019) .....................................................................................................18

*United States v. Salerno*,
 481 US 739, 107 S Ct 2095 (1987)....................................................................................14, 17

*Wasson v. Sonoma Cnty. Junior Col.*,
 203 F3d 659 (9th Cir 2000) .....................................................................................................26

*Will v. Mich. Dep't of State Police*,
 491 US 58, 109 S Ct 2304, 105 L Ed 2d 45 (1989)................................................................15

*Williams v. Brown*,
 No. 6:21-cv-01332-AA, 2023 WL 6379771 (D Or Sep 30, 2023).........................................15

*WMX Techs., Inc. v. Miller*,
 197 F3d 367 (9th Cir 1999) .....................................................................................................22

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

*Wolff v. McDonnell*,
    418 US 539, 94 S Ct 2963 (1974).................................................................15

*Zukle v. Regents of Univ. of Calif.*,
    166 F3d 1041 (9th Cir 1999) .....................................................................10

**Statutes**

42 USC § 1983............................................................................................... *passim*

42 USC § 12101(b)(1)-(2) (Americans with Disabilities Act) .......................................9

42 USC § 12131(2) (Americans with Disabilities Act)...............................................10

42 USC § 12132 (Americans with Disabilities Act)....................................................9

ORS 12.110(1) ...............................................................................................13

**Other Authorities**

28 CFR § 35.130(b)(7)...............................................................................10, 12

First Amendment, US Const. amend. I................................................... *passim*

Eleventh Amendment.......................................................................... *passim*

Fourteenth Amendment, US Const. amend. XIV, § 1 ........................... *passim*

Fed R Civ P 4..................................................................................................29

Fed R Civ P 4(e)(1)..........................................................................................29

Fed R Civ P 8(a)(2)...........................................................................................6

Fed R Civ P 12(b)(5)...................................................................................1, 28

Fed R Civ P 12(b)(6)...........................................................................1, 2, 6, 28

Fed R Civ P 12(e) .......................................................................................1, 27

ORCP 7 D .......................................................................................................29

US Const. amend. I ..........................................................................................21

US Const. amend. XIV, § 1 .............................................................................14

Page vii - Table of Authorities

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

## LOCAL RULE 7-1 CERTIFICATION

Counsel for defendants Portland State University ("PSU") and Susan Jeffords ("Jeffords") (Jeffords and PSU together, "Defendants") attempted to confer in good faith with plaintiff about the issues raised in this Motion, by requesting conferral via telephone, email, and letter, but plaintiff did not confer and therefore the parties were unable to resolve the dispute. (Declaration of Erin Burris in Support of Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain ¶¶ 4-11, Exs. 1, 2, and 3.)

## LOCAL RULE 7-2 CERTIFICATION

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 8,680 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

In accordance with Fed R Civ P 12(b)(6), Defendants move to dismiss all claims because the amended complaint fails to state any claim against them upon which relief can be granted. Additionally, plaintiff's claims against Jeffords should also be dismissed under Fed R Civ P 12(b)(5), because plaintiff did not properly serve Jeffords. In the alternative, Defendants move to make plaintiff's allegations more definite and certain under Fed R Civ P 12(e).

## MEMORANDUM IN SUPPORT

## I.    INTRODUCTION

Plaintiff's amended complaint asserts outlandish legal claims against PSU and its former employee, Susan Jeffords, in an attempt to avenge the outcome of a student conduct

Page 1-    Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

process that plaintiff characterizes as a protest of PSU's COVID-19 vaccine requirement. But this case is not about the vaccine itself; it is rather about plaintiff's offensive remarks and vulgarities on plaintiff's vaccine waiver request form. On the form, plaintiff accused PSU staff of being "piece of shit scumbag Democrat mother fuckers" and stated that they should "suck [his] fucking dick." Plaintiff claims his statements were protected speech and takes issue with other aspects of the process, but plaintiff's contentions do not amount to legal claims and should be dismissed under Fed R Civ P 12(b)(6).

Plaintiff claims that PSU violated the Americans with Disabilities Act (the "ADA") by discriminating against him on the basis of a disability, but the factual allegations do not support any of his theories of liability. Furthermore, plaintiff's claims under 42 USC § 1983 ("Section 1983") for First Amendment-retaliation and a violation of the Fourteenth Amendment substantive due process clause against PSU fail because PSU is entitled to Eleventh Amendment immunity and because he did not allege facts plausibly suggesting that his rights were violated. Plaintiff's Section 1983 claims against Jeffords fail for the same reason that he did not allege facts supporting his claims, but additionally because she is entitled to qualified immunity. Additionally, plaintiff failed to effect sufficient service upon Jeffords of the amended complaint and therefore the claims against Jeffords should be dismissed for that reason, too.

Finally, to the extent that this Court does not dismiss plaintiff's amended complaint in its entirety, this Court should direct plaintiff to make his allegations and claims more definite and certain because his allegations lack specificity and logic in some areas, which undermines defendants' ability to defend against his claims.

Page 2 -    Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

## II.    FACTUAL BACKGROUND FOR PURPOSES OF THIS MOTION

Plaintiff alleges the following facts in his amended complaint.[1] Plaintiff began attending Lane Community College in 2001 and took classes there on and off until 2009. (Am. Compl. ¶ 5.) In or around 2010, plaintiff enrolled in the Computer Engineering program at PSU, working towards a Bachelor of Engineering Embedded Systems degree with a minor in Computer Science.[2] (Am. Compl. ¶ 16.)

Plaintiff alleges that he started developing Complex Post Traumatic Syndrome ("CPTSD") after taking an Embedded Systems 1 class and shortly thereafter stopped attending PSU due to lack of funding. (Am. Compl. ¶¶ 20-22.) Eventually plaintiff re-enrolled at PSU for a second time. (Am. Compl. ¶ 31.) During the last term of his second period of enrollment at PSU, plaintiff registered with the Disability Resource Office as a student with CPTSD. (Am. Compl. ¶ 38.) Plaintiff again stopped attending PSU. (Am. Compl. ¶ 39.)

In 2021, plaintiff re-enrolled in the Computer Science program at PSU. (Am. Compl. ¶ 47.) That year, PSU issued a vaccine mandate for students. (Am. Compl. ¶ 46.) On October 7, 2021, plaintiff submitted a waiver from the vaccine requirement by email to PSU's vaccines@pdx.edu email account. (Am. Compl. ¶ 48.) Plaintiff stated in his email, "You can go fuck yourself you piece of shit scumbag Democrat mother fuckers. Vaccine mandates are illegal. Suck my fucking dick punk. Fuck Joe Beijing Biden and Hyena Harris." (Am. Compl. ¶ 49.)

---

[1] Defendants set forth the following facts from plaintiff's amended complaint for purposes of this motion only. Defendants do not admit to the truthfulness of any allegation, and reserve the right to contest or deny plaintiff's allegations in the future.

[2] Plaintiff's amended complaint describes in detail his battle for custody of his son from 2008 to 2010 and the circumstances during that time. (Am. Compl. ¶¶ 9-15.) Because those events are unrelated to his alleged claims, Defendants do not describe them further in this Motion.

Page 3 -    Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

PSU's Vaccines Service Account replied that while PSU appreciated that plaintiff sent in the paperwork, plaintiff's "email and the language used [was] extremely inappropriate and disruptive to our work environment" and PSU referred the email to PSU's Student Conduct and Community Standards and Dean of Student Life. (Am. Compl. ¶ 49.) On October 11, 2021, PSU's Student Conduct Investigator, Erica Geller, found that plaintiff violated the Code of Student Conduct because he had "disrupted the work of the employees at the University's Student Health and Counseling Center" and sent plaintiff a meeting invitation for a hearing. (Am. Compl. ¶ 51.) Plaintiff responded, "I'm requesting to meet with someone who doesn't have She/They in their title. You're one of those Democrats that are causing nightmares for people. I don't want to talk to you or anyone who is in the #woke mob. You want to stick and [*sic*] needle in my arm, you can kiss my ass." (Am. Compl. ¶ 52.)

On October 14, 2021, Erica Geller responded that plaintiff's request was not an appropriate reason for requesting an alternate hearing officer and that PSU required 24 hours' notice to reschedule or alter the hearing. (Am. Compl. ¶ 53.) Erica Geller also informed plaintiff that if he was not interested in meeting via Zoom for the hearing, that he was welcome to submit a written statement addressing the charges in lieu of attending the hearing. (Am. Compl. ¶ 53.)

On October 14, 2021, plaintiff responded with a long-written statement describing his objections to the COVID vaccine and taking issue with "[s]hit-bag punk Democrats." (Am. Compl. ¶ 54.) On October 19, Erica Geller informed plaintiff that his petition for a waiver of the vaccine requirement was denied. (Am. Compl. ¶ 55.) Plaintiff subsequently appealed his student conduct violation,[3] stating that he was "falsely accused of violating the bullshit Code of Conduct

---

[3] It is not entirely clear from plaintiff's amended complaint whether plaintiff alleges that he

Page 4 -   Defendants' Motion to Dismiss or In the Alternative Make More Definite
            and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

while I was engaging in political protest" of "the Mark of the Beast" mandate and that PSU had

violated his free speech. (Am. Compl. ¶56.) Plaintiff's appeal also included a long political

statement. (Am. Compl. ¶ 56.)

On February 11, 2022, Susan Jeffords, whom plaintiff alleged to be the "head of the PSU

Code of Student Conduct Office," denied plaintiff's appeal, providing three reasons:

- "The first basis of your appeal is that you claim there was an error in the conduct process. You have not identified what that error is nor why any such error was material to the decision and process. Accordingly, this is not a basis that would support granting your appeal.

- Regarding the next basis of your appeal concerning new information, you have not offered or identified any new information that was not available to you at the time of the hearing. The only information you provide in your appeal is information about your personal and political beliefs about vaccines and the legal rights and responsibilities as you understand them. This is not new information, and had you chosen to attend the hearing, you could have presented this information from your perspective. Thus, this is also not a basis to support granting the appeal.

- And, finally, you allege that the sanction was outside the authority of the University. I do not concur. The University has the authority to issue the sanctions it issued here, which include probation and an educational essay. Code section XIV, para (4) and (6)."

(Am. Compl. ¶ 57.) Although plaintiff alleged that his student conduct violation resulted in

"suspen[sion]" and having to "write an essay," plaintiff also alleged that the "result was

permanent expulsion." (Am. Compl. ¶ 60.)[4]

---

appealed the denial of his request to waive the vaccine requirement or the alleged student conduct violation.

[4] In paragraph 79 of the amended complaint, plaintiff also alleged that he was "permanently kicked [] out of PSU," and in paragraph 80, plaintiff alleged he was "expell[ed]." Therefore, for purposes of this Motion, we assume plaintiff is alleging that he was dismissed from PSU.

Page 5 -   Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

Plaintiff's lawsuit followed. Plaintiff filed his original complaint on October 27, 2023. (ECF No. 7.) Shortly thereafter, the Court ordered plaintiff to amend his complaint and plaintiff subsequently filed an amended complaint. (ECF Nos. 7, 8.)

## III.    ARGUMENT

Plaintiff asserts five claims against Defendants arising out of plaintiff's student conduct violation for disruptive behavior. None of plaintiff's claims state a claim upon which relief can be granted, and they should be dismissed as a matter of law.

To sufficiently state a claim, Fed R Civ P 8(a)(2) requires that a complaint "contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed R Civ P 12(b)(6), courts should dismiss claims when plaintiff's factual allegations, accepted as true, fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S Ct 1937, 173 L Ed 2d 868 (2009) (internal punctuation and citation omitted). To avoid dismissal under Rule 12(b)(6), a plaintiff must allege sufficient facts to provide "fair notice" of the claim the plaintiff is asserting and "the grounds upon which [the claim] rests." *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 n.3, 127 S Ct 1955, 167 L Ed 2d 929 (2007) (internal punctuation and citation omitted).

To evaluate whether a plaintiff has stated a plausible claim for relief, courts should begin by distinguishing between "mere conclusory statements" and factual allegations, as conclusory statements are "not entitled to the assumption of truth." *Iqbal*, 556 US at 678-79, 681. Next, courts should consider whether "the factual allegations in [the] complaint * * * plausibly suggest an entitlement to relief." *Id.* at 681. A pleading that sets forth only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not [suffice]."

Page 6 -    Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

*Twombly*, 550 US at 555. If the factual allegations "have not nudged [the] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 547.

While courts have an obligation "where the petitioner is *pro se*, particularly in civil rights cases, to construe pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F3d 338, 342 & n7 (9th Cir 2010) (internal quotation marks and citation omitted), courts may not, in so doing, "supply essential elements of the claim that were not initially pl[ead]ed." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F2d 266, 268 (9th Cir 1982).

Here, plaintiff asserts five claims for relief. Each claim should be dismissed for the following reasons, as well as the additional reasons raised in this memorandum:[5]

- **Plaintiff's Americans With Disabilities Act claim against PSU (First Count):** Plaintiff's first claim for relief should be dismissed because the amended complaint does not have allegations sufficient to state a claim against Defendant PSU on which relief can be granted.

---

[5] In paragraph 79 of amended complaint, plaintiff refers to Jeffords' alleged "negligence," but it is not clear whether plaintiff is asserting a negligence claim. If he is, then the claim should be dismissed because plaintiff has not alleged facts supporting a negligence claim. Plaintiffs must allege facts reflecting "(1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." *Gutta v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 3:22-cv-01145-HZ, 2023 WL 22182, at *7 (D Or Jan 1, 2023) (internal citation omitted). Plaintiff's amended complaint does not identify or sufficiently reflect what conduct was allegedly negligent or could plausibly suggest that Jeffords' (or any other person's) conduct unreasonably created a foreseeable risk of harm that in fact caused plaintiff's alleged harm.

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

Specifically, plaintiff does not allege facts plausibly suggesting that he was discriminated against because of his disability.

- **Plaintiff's Section 1983 Fourteenth Amendment Substantive Due Process claim against PSU (Second and Third Counts):** Plaintiff's claims against Defendant PSU must be dismissed because the Eleventh Amendment sovereign immunity bars liability because PSU is not a "person" subject to Section 1983 liability and plaintiff did not state facts sufficient to plausibly state a claim against PSU.

- **Plaintiff's Section 1983 First Amendment-Retaliation claim against PSU (Third Count):** Plaintiff's claim against Defendant PSU must be dismissed because the Eleventh Amendment sovereign immunity bars liability because PSU is not a "person" subject to Section 1983 liability and plaintiff did not state facts sufficient to plausibly state a claim against PSU.

- **Plaintiff's Section 1983 First Amendment-Retaliation claim and Fourteenth Amendment Substantive Due Process claim against Jeffords (Fourth Count):** Plaintiff's claims against Jeffords should also be dismissed because Jeffords is entitled to qualified immunity as a matter of law and plaintiff did not state facts sufficient to plausibly state a claim against Jeffords. Additionally, plaintiff did not serve Jeffords the amended complaint or summons.

Page 8 -    Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

- **Plaintiff's Section 1983 Derivative First Amendment claim against PSU on behalf of mother (Fifth Count):** This claim should be dismissed because plaintiff lacks standing to bring a claim on his mother's behalf. In any event, Defendant PSU is entitled to Eleventh Amendment immunity.

A.     **Plaintiff's ADA Claim Against PSU Should be Dismissed (First Count).**

Plaintiff asserts that PSU discriminated against him on the basis of his disability violating Title II of the ADA. (Am. Compl. ¶ 66.) Although not entirely clear, plaintiff appears to assert about three distinct theories of disability-discrimination. Plaintiff did not state a plausible ADA claim with respect to any theory.

1.     **ADA legal standards.**

The ADA was enacted to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 USC § 12101(b)(1)-(2). Title II of the ADA provides that:

> "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 USC § 12132.

"A disability discrimination claim may be based on one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation." *Davis v. Shah*, 821 F3d 231, 260 (2d Cir 2016) (internal citations omitted). To establish disability-discrimination under Title II of the ADA, a plaintiff must show that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in

Page 9 -     Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F3d 1124, 1135 (9th Cir 2001).

The ADA defines a "qualified individual with a disability" as one who meets the essential eligibility requirements for participation in a given program provided by a public entity "with or without reasonable modifications to rules, policies, or practices[.]" 42 USC § 12131(2). A public entity must "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the services, program or activity." 28 CFR § 35.130(b)(7); *see also Zukle v. Regents of Univ. of Calif.*, 166 F3d 1041, 1046 (9th Cir 1999) (emphasizing that the "Supreme Court has made clear that an educational institution is not required to make fundamental or substantial modifications to its program or standards; it need only make reasonable ones").

In order to recover monetary damages under Title II of the ADA, a plaintiff must further prove the defendant intentionally discriminated against the plaintiff. *Duvall*, 260 F3d at 1138. To show intentional discrimination, the Ninth Circuit requires that a plaintiff show that a defendant acted with "deliberate indifference," which requires "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that * * * likelihood." *Id.* at 1139. In other words, a plaintiff must identify "specific reasonable and necessary accommodations that the defendant failed to provide." *Id*. at 1139 (internal quotation marks omitted). The Ninth Circuit explained that "deliberate indifference does not occur where a duty

Page 10 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course." *Id.*

> **2.    Each of plaintiff's theories of liability under the ADA fail to state a claim against PSU.**

Plaintiff alleges that PSU discriminated against him (1) by treating him differently in the student conduct hearing process, and essentially by failing to accommodate his disability by (2) not inquiring about whether a disability "caused the communication barrier of saying [] offensive language" during the student conduct hearing process, (3) by "charging [plaintiff] multiple times to retake classes at full price for tuition" and not offering resources when he failed classes. (Am. Compl. ¶¶ 66-69.)

> **a.    The allegations do not show that PSU intentionally discriminated against plaintiff during the student conduct process because of his disability.**

Plaintiff alleges that PSU discriminated against him essentially by treating him differently than students who do not have plaintiff's alleged disability. (Am. Compl. ¶ 66.) Other than alleging plaintiff's emails exchanged with PSU employees to coordinate the student conduct hearing, plaintiff alleged no facts that could possibly show he suffered discrimination on the basis of his disability. Even assuming that plaintiff was a qualified individual with a disability, plaintiff's allegations are void of any factual allegations reflecting that PSU acted with deliberate indifference toward plaintiff's disability such that he was somehow treated differently than any other student because of his disability. On the contrary, the facts reflect routine correspondence of PSU's part, including the referral to the student conduct office, an offer to hold a hearing, and an offer to provide a written statement in lieu of attending the hearing (which plaintiff provided). (Am. Compl. ¶¶ 52-54.)

Page 11 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

In short, no allegations reflect that plaintiff was excluded from participating in the student conduct hearing because of his disability.

> **b.     The allegations do not show that PSU discriminated against plaintiff by failing to accommodate his disability during the student conduct process.**

In a closely related theory, plaintiff loosely alleges that PSU should have accommodated his disability in the student conduct process. (Am. Compl. ¶¶ 66-67.) While public universities must make reasonable modifications to avoid disability-discrimination, 28 CFR § 35.130(b)(7), that responsibility does not exist in a vacuum. Plaintiff's allegations do not reflect that he ever discussed his disability with anyone during the student conduct process, that he requested an accommodation and one was unreasonably denied, or that any such failure to accommodate was intentionally based on his disability. *See Halpern v. Wake Forest Univ. Health Scis.*, 669 F3d 454, 465 (4th Cir 2012) (finding university was "not obligated to accommodate" the student's "disability until he provided a proper diagnosis * * * and requested specific accommodation") (internal citations omitted). Other than vaguely suggesting that plaintiff's disability caused a "communication barrier" that should permit him to say "offensive language," no facts reflect any accommodation was sought or that may have permitted him to participate. In fact, plaintiff's allegations plainly reflect that his communications with PSU concerning the student conduct hearing was to request another hearing officer because he did not wish to meet with a person who had "She/They in their title" because he believed the officer was "on[e] of those Democrats that are causing nightmares for people" and must be part of the "#wokemob." (Am. Compl. ¶ 52.)

Page 12 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

In sum, plaintiff's allegations do not reflect any discussion whatsoever concerning his alleged disability and rather reflect an active decision not to participate in the student conduct hearing meeting and instead submitting a written statement replete with vulgarities. Therefore, plaintiff's claim that PSU failed to accommodate him during the student conduct process fails.

> **c.**     **The allegations do not show that PSU discriminated against plaintiff by failing to accommodate him by charging plaintiff to retake classes and not offering resources.**

Plaintiff alleges that PSU discriminated against him by failing to accommodate his disability because he was charged full tuition multiple times to retake failed classes and PSU did not offer him resources upon failing. (Am. Compl. ¶¶ 68-69.) This claim fails for multiple reasons.

As an initial matter, plaintiff did not allege specifically when plaintiff took such classes, failed them, and had to pay to retake them. Oregon federal district courts have found that ADA claims have a two-year statute of limitations. *See Stull v. Buetler*, No. 3:20-cv-2067-JR, 2021 WL 5994516, at *4 (D Or Sept 22, 2021) (applying analogous limitations period under ORS 12.110(1) for personal injuries, which is two years). The allegations suggest that plaintiff alleged that he failed classes and had to pay to retake them in 2014 and 2016 (Am. Compl. ¶¶ 19, 22, 34, 36-37.) To the extent that his claims are based on incidents during 2014 and 2016, the claims are time-barred.

Even so, plaintiff's amended complaint lacks allegations reflecting that PSU was aware that plaintiff had a disability during the relevant time periods, that plaintiff requested an accommodation and one was unreasonably denied, or that any such failure to accommodate was intentionally based on his disability, which undermines his claim. *See Halpern*, *supra*, 669 F3d at

Page 13 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite
           and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

465. Plaintiff alleged that he "registered with the Disability Resource Office at PSU" sometime during his "second stay," but it is unclear when that occurred, whether he had access to accommodations, and how that is relevant to paying tuition for classes he had to retake.

In short, plaintiff's claim that PSU failed to accommodate him concerning retaking courses does not state facts sufficient to support the claim and it should be dismissed.

**B.      Plaintiff's Section 1983 Fourteenth Amendment Substantive Due Process Claims Against Defendant PSU (Second and Third Counts) and Defendant Jeffords (Count Four) Should be Dismissed.**

Plaintiff's Second and Third Counts assert a Section 1983 claim for violations of the Fourteenth Amendment Substantive Due Process clause against Defendant PSU, alleging that PSU uses the "preponderance of the evidence" standard in Code of Student Conduct hearings when plaintiff had a right to a "clear and convincing" evidentiary standard of proof. (Compl. ¶¶ 70, 75.) Plaintiff's claims fail as a matter of law.

An individual may bring an action based on a constitutional violation under Section 1983 if a plaintiff can show a "(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F3d 1128, 1138 (9th Cir 2001) (internal punctuation and citation omitted). The Due Process Clause of the Fourteenth Amendment provides that no State "shall * * * deprive any person of life, liberty, or property, without due process of law." US Const. amend. XIV, § 1. The "substantive due process" clause "prevents the government from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'" *United States v. Salerno*, 481 US 739, 746, 107 S Ct 2095 (1987) (internal citations omitted). The Supreme court has explained that the "touchstone of due process is protection of the individual against arbitrary action of

Page 14 -   Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

government." *Wolff v. McDonnell*, 418 US 539, 558, 94 S Ct 2963 (1974); *see also Williams v. Brown*, No. 6:21-cv-01332-AA, 2023 WL 6379771, at *3 (D Or Sep 30, 2023) (stating that a plaintiff must as a threshold matter "identify a liberty or property interest protected by the Constitution"). Because only the "most egregious official conduct" is considered arbitrary, a plaintiff must establish that "government actors engaged in official conduct that shocks the conscience." *Id.* at *3. Therefore, to state a substantive due process claim, a plaintiff "must show both a deprivation of [his] liberty and conscience shocking behavior by the government[.]" *Alfano v. Farley*, No. 3:12-CV-2319-PK, 2014 WL 2041137, at *7 (D Or Apr 29, 2014).

### 1.    Plaintiff's Section 1983 claim against PSU is subject to dismissal because PSU has Eleventh Amendment immunity.

Plaintiff's Fourteenth Amendment claims against PSU must be dismissed because PSU is entitled to Eleventh Amendment immunity. States have immunity from citizen lawsuits in federal court under the Eleventh Amendment. *See e.g., Brainard v. Western Or. Univ.*, No. 3:17-cv-0253-SI, 2017 WL 1534191, at *2 (D Or Apr 26, 2017). This immunity extends to "arm[s] of the state," which includes state universities and their officials. *See Doe v. Or. State Univ.*, 614 F Supp 3d 847, 858 (D Or 2022) ("[p]ublic universities in Oregon are arms of the state and, therefore, protected by the 11th Amendment"); *Liu v. Portland State Univ.*, No. 3:14-CV-00908-BR, 2016 WL 1228580, at *5 (D Or Mar 28, 2019) (citing *Hagel v. Portland State Univ.*, 237 Fed App'x 146, 147 (9th Cir 2007)). By enacting Section 1983, Congress did not eliminate sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 US 58, 66, 109 S Ct 2304, 105 L Ed 2d 45 (1989). A public university, such as PSU, is not a "person" under Section 1983 because it is an "arm of the state" for sovereign immunity purposes. *Id*. at 64; *see also Hagel*, 237 Fed App'x at 147-48 (holding that Oregon public universities are arms of the state and thus

Page 15 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

immune from suit under Section 1983). Therefore, because PSU is entitled to immunity, plaintiff's Fourteenth Amendment substantive due process claim against PSU fails as a matter of law and should be dismissed.

### 2. Plaintiff's allegations do not state a substantive due process claim against PSU.

Even if plaintiff could bring his claim against PSU—and he cannot—plaintiff's factual allegations fail to reflect the type of conduct that could possibly support a substantive due process claim against PSU. None of the actions described by PSU in plaintiff's amended complaint shock the conscience or even remotely reflect the types of egregious government deprivations that the substantive due process clause protects. The crux of plaintiff's Fourteenth Amendment concern appears to be that the student conduct process was evaluated under an evidentiary standard that he deems problematic. The purported constitutional right he argues was violated—the evidentiary standard—is not a liberty or property interest protected by the Constitution and plaintiff points to no authority to suggest otherwise. Plaintiff apparently refers to a Supreme Court case that involved child custody matters, which is irrelevant to the circumstances involving plaintiff and PSU and does not support his claim that any rights were violated.[6] Plaintiff's allegations merely reflect that PSU implemented a uniform evidentiary standard in its student conduct proceedings, but he concludes without facts that PSU used a different evidentiary standard. (Am. Compl. ¶ 71.) Therefore, plaintiff failed to allege any

---

[6] Plaintiff references *Troxel v. Granville*, 530 US 57, 120 S Ct 2054, 147 L Ed 2d 49 (2000). While that case addresses the Fourteenth Amendment, the liberty interest at issue involved the "interest of parents in the care, custody, and control of their children." 530 US at 65. The case does not relate to any constitutional right to a specific evidentiary standard in the context of higher-education student conduct proceedings.

Page 16 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite
         and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

violation of his rights that might come close to reflecting the type of action that might "shock the conscience" as required to plausibly allege a substantive due process violation.

### 3. Plaintiff's Section 1983 Fourteenth Amendment claim against Defendant Jeffords should be dismissed.

Plaintiff's fourth claim references the Fourteenth Amendment with respect to Jeffords; but, it is not completely clear from plaintiff's amended complaint whether or not he is asserting a Section 1983 Fourteenth Amendment claim against Jeffords. To the extent that he is, it fails because he did not state a plausible claim. And, in any event, Jeffords is entitled to qualified immunity.

### a. Plaintiff's allegations do not state a plausible Fourteenth Amendment claim against Jeffords.

For the same reasons plaintiff's claim against PSU fails, plaintiff likewise did not plead facts that Jeffords engaged in conduct that reflected an interference with plaintiff's rights "implicit in the concept of ordered liberty" that "shock the conscience." *See Salerno*, 481 US at 746 (internal citations omitted). Jeffords' only personal involvement appears to be that she emailed plaintiff and told plaintiff that his email would be referred as a student conduct matter and that she denied his appeal. (Am. Compl. ¶¶ 49, 57.) But Jeffords' conduct in carrying out the standard process does not reflect a violation of his rights, only that she did her job, which plaintiff alleged to be the "head of PSU's" student conduct processes. (Am. Compl. ¶ 57.)

Therefore, plaintiff's claim against Jeffords fails to state facts that could plausibly support a substantive due process claim against Jeffords and it should be dismissed.

Page 17 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

**b.    Defendant Jeffords is nonetheless entitled to qualified immunity.**

To the extent plaintiff is seeking money damages from Jeffords, his Section 1983 claim against Jeffords acting in her official capacity fails as a matter of law because she is entitled to sovereign immunity. *See Hafer v. Melo,* 502 US 21, 25-27, 112 S Ct 358, 116 L Ed 2d 301 (1991) (lawsuits against state officials in their official capacities should be treated as suits against the state, and immunities available to the state apply to defendants acting in their official capacities).

Furthermore, public officials are entitled to qualified immunity unless the official has violated a statutory or constitutional right that was "clearly established" at the time of the [official's alleged] conduct." *Ashcroft v. al-Kidd,* 563 US 731, 735, 131 S Ct 2074, 179 L Ed 2d 1149 (2011) (quoting *Harlow v. Fitzgerald*, 457 US 800, 818, 102 S Ct 2727, 73 L Ed 2d 396 (1982)). A right is clearly established only when "the contours of [that] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft*, 563 US at 741 (internal punctuation and citation omitted); *see also Tuuamalemalo v. Greene*, 946 F3d 471, 477 (9th Cir 2019) (noting that the "right must be settled law, meaning that it must be clearly established by controlling authority or a robust consensus of cases of pervasive authority" (internal citation omitted)). The Supreme Court has further emphasized that "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 586 US ___, 139 S Ct 500, 503, 202 L Ed 2d (2019). In determining whether the right was clearly established, the Ninth Circuit "first look[s] to [its]own binding precedent." *Chappell v. Mandeville*, 706 F3d 1052, 1056 (9th Cir 2013).

Page 18 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

Therefore, "[d]etermining whether officials are owed qualified immunity involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Krainski v. Nevada ex rel Bd. of Regents of Nevada System of Higher Ed.*, 616 F3d 963, 968 (9th Cir 2010) (internal quotation marks omitted). Plaintiff cannot overcome Jeffords' qualified immunity at either prong of the analysis.

> **c.    Plaintiff does not allege a constitutional right, let alone a clearly established right.**

As noted above, plaintiff fails to articulate a constitutionally-protected liberty interest. Plaintiff asserted that Jeffords "permanently kicked [plaintiff] out of PSU" and that she violated his "[r]ight to [clear and convincing evidence standard] under the [s]ubstantive [d]ue [p]rocess clause of the Fourteenth Amendment. (Am. Compl. ¶¶ 78-79.) Neither constitutes a clearly established constitutional right.

As to the first, by arguing that Jeffords could have "suspended [him] for one term," rather than "permanently suspend him" as he characterizes it, plaintiff appears to be asserting a right to higher education or continued enrollment at PSU. (Am. Compl. ¶ 79.) The right to higher education or continued enrollment, however, was not a clearly established constitutional right in this jurisdiction during the relevant time period. *See, e.g.*, *Doe v. Univ. of Or.*, No. 6:17-cv-01103-AA, 2018 WL 1474531, at *12-14 (D Or Mar 26, 2018) (granting qualified immunity to university officials who suspended student because there is no clearly established property right to higher education in Oregon or in the Ninth Circuit); *see also Andrews v. Treasure Valley Comm. Coll.*, No. 2:19-cv-01314-SU, 2020 WL 1678050, at *4

Page 19 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

(D Or Mar 18, 2020) (granting qualified immunity to college official who dismissed student because there is no clearly established property right to higher education).

As to the alleged right to have a clear and convincing evidence standard applied to his conduct, plaintiff does not plead sufficient facts to allege that higher education students are entitled to a certain evidentiary standard in student conduct proceedings is a constitutional right. *Troxel v. Granville* does not support the proposition that a higher-education student has a clearly established right to a particular evidentiary standard. 530 US 57.

### d.      Plaintiff does not allege knowingly unlawful conduct.

Because plaintiff cannot establish that Jeffords violated a clearly established right, plaintiff cannot establish that Jeffords knowingly violated the law. Although plaintiff alleges that Jeffords acted intentionally when she permanently suspended him, plaintiff's allegations do not suggest that Jeffords personal conduct deprived plaintiff of a clearly established constitutional liberty interest. Without alleging specific facts demonstrating a known legal violation, plaintiff cannot establish that Jeffords acted unreasonably in her conduct or that she understood that in doing her job she was violating plaintiff's purported constitutional rights.

Therefore, Jeffords has qualified immunity. In addition to the other reasons asserted above, this Court should dismiss plaintiff's Fourteenth Amendment claims as a matter of law.

### C.      Plaintiff's Section 1983 First Amendment-Retaliation Claims Against Defendants PSU and Jeffords Should be Dismissed (Third and Fourth Counts).

Plaintiff's third and fourth claims assert First Amendment-retaliation claims against Defendants. In the third claim, plaintiff alleges that PSU unlawfully deprived him of his First Amendment right to legally-protected speech by "retaliat[ing] against [plaintiff]" for using

Page 20 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite
          and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

the phrase "suck his dick" in his "vaccine mandate waiver petition." (Am. Compl. ¶ 75.) In the fourth claim, plaintiff assert a First Amendment-retaliation claim against Jeffords, based on Jeffords "permanently suspend[ing]" plaintiff and not gathering sufficient evidence that plaintiff disrupted the administration. (Am. Compl. ¶ 75.)

### 1.    PSU is entitled to Eleventh Amendment immunity.

Plaintiff's First Amendment-retaliation claim against Defendant PSU fails as a matter of law because, as described above, PSU is entitled to Eleventh Amendment immunity. *See infra*, Section III(B)(1).

### 2.    Plaintiff failed to state a First Amendment-retaliation claim against PSU.

Even if PSU did not have sovereign immunity—which it does—he did not state facts plausibly stating a First Amendment claim against PSU. As an initial matter, plaintiff ostensibly asserts the claim against PSU under the Petition Clause of the First Amendment because he refers to his "vaccine mandate waiver"—the form that plaintiff emailed to PSU's Vaccine Service Account requesting a COVID-19 vaccine exemption, (Am. Compl. ¶¶ 48-49, 58, 75), though the crux of his claim appears to rely on the specific speech in the so-called "petition" rather than the petition itself. Regardless of whether plaintiff claims retaliation under the Speech Clause or under the Petition Clause, his claim fails.

The First Amendment states that the government cannot "abridge[e] * * * freedom of speech." US Const. amend. I. Additionally, the Petition Clause bars the government from "abridging * * * the right of the people * * * to petition the government for a redress of grievances." US Const. amend. I. The protections of the Petition Clause are "analytically distinct from, although related to, the free speech clause." *Gable v. Lewis*, 201 F3d 769, 771

Page 21 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

(6th Cir 2000). The Ninth Circuit has stated that "[t]he protections afforded by the Petition Clause have been limited by the Supreme Court to situations where an individual's associational or speech interests are also implicated." *WMX Techs., Inc. v. Miller*, 197 F3d 367, 372 (9th Cir 1999). That is because the "[t]hese First Amendment rights are inseparable * * * and there is no sound basis for granting greater constitutional protection to statements made in a petition * * * than other First Amendment expressions." *McDonald v. Smith*, 472 US 479, 485, 105 S Ct 2787, 86 L Ed 2d 384 (1985). That means if a plaintiff "cannot establish retaliation for activities related to protected free speech or association, their claim fails." *James v. Lindstrom*, No. 2:15-CV-00919-SU, 2016 WL 7851409, at *10 (D Or 2016), *report and recommendation adopted*, No. 2:15-CV-00919-SU, 2016 WL 4251577 (D Or 2016) (dismissing claim concerning permitting dispute because it lacked protected speech).

To establish a First Amendment-retaliation claim in the student speech context, a plaintiff must establish that "(1) he was engaged in constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was substantial or a motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F3d 755, 770 (9th Cir 2006); *and see James*, 2016 WL 7851409, at *10 (analyzing First Amendment claim based on retaliation for petitioning activity).

Here, plaintiff's vaccine exemption request was not petitioning activity within the meaning of the Petition Clause. The crux of plaintiff's claim concerns not the simple request for a vaccine exemption, which is not a petition as he puts it, but rather his view that his vulgar statements to PSU staff are protected speech. But plaintiff's allegations concerning his

Page 22 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite
and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

statements to PSU do not reflect that he engaged in protected speech. In *Bethel School Dist. No. 403 v. Fraser*, 478 US 675, 676, 106 S Ct 3159, 92 L Ed 2d 549 (1986), the Supreme Court held that "offensively lewd and indecent speech" in an academic setting is not subject to First Amendment protection. Further, the Ninth Circuit has held that "school officials may suppress speech that is vulgar, lewd, obscene, or plainly offensive without a showing that such speech occurred during a school-sponsored event or threatened to substantially interfere with the school's work." *Chandler v. McMinnville Sch. Dist.* 978 F2d 524, 529 (9th Cir 1992).

Regardless of whether it is a "petition," plaintiff's alleged submission lacks protected speech as required to state a claim concerning the Petition Clause because the speech is plainly not protected. Plaintiff alleged that when submitting the exemption form, he wrote to the PSU vaccine email address, "You can go fuck yourself you piece of shit scumbag Democrat mother fuckers. * * * Suck my fucking dick punk." (Am. Compl. ¶ 48.) Plaintiff provided a further written statement following that, in which he referred to various politicians as "scum bag pieces of shit who can suck the shit out of my asshole," and other vulgar comments. The First Amendment does not protect plainly offensive students' comments, particularly when they disrupt school activities, such as an administrative office performing a routine review of a vaccine exemption request. Therefore, plaintiff's statements lacked First Amendment protection.

In short, plaintiff failed to state facts supporting his First Amendment-retaliation claim and in any event, PSU has sovereign immunity. The claim should be dismissed.

### 3. Plaintiff's First Amendment-retaliation claim against Jeffords should be dismissed.

Plaintiff's First Amendment-retaliation claim against Jeffords suffers from the same deficiencies as plaintiff's Fourteenth Amendment claim against Jeffords. Although it is

Page 23 - Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

difficult to discern from plaintiff's amended complaint which specific facts pertain to his First Amendment-retaliation claim, the crux of plaintiff's argument appears to be that Jeffords used her "badge of [] authority" to retaliate against him by permanently suspending him because of his speech. (Am. Compl. ¶¶ 78-79.)

Plaintiff's claim fail because he (1) did not state a plausible claim against Jeffords and (2) Jeffords is entitled to qualified immunity as a matter of law.

### a.   Plaintiff's allegations do not state a plausible First Amendment-retaliation claim against Jeffords.

As explained, plaintiff's claim fails to state a plausible claim against Jeffords for the same reasons that he did not state a claim against PSU. Plaintiff's alleged speech is not protected by the First Amendment. Plaintiff's claim therefore fails against Jeffords.

### b.   Jeffords is entitled to qualified immunity.

Jeffords is entitled to qualified immunity. Plaintiff did not allege that Jefford's conduct "(1) violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Krainski v. Nevada ex rel Bd. Of Regents of Nevada System of Higher Ed.*, 616 F3d 963, 968 (9th Cir 2010) (internal quotation marks omitted).

### c.   Plaintiff did not allege a clearly established constitutional right.

Plaintiff's First Amendment argument appears to be based on similar facts as those in his Fourteenth Amendment argument; although, plaintiff references *Tinker* instead of *Troxel* in his allegations against Jeffords. Plaintiff purportedly asserts that Jeffords violated his First Amendment rights by "permanently kick[ing] [plaintiff] out of PSU" for saying to "suck his dick."

Page 24 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

Plaintiff's reliance on *Tinker v. Des Moines Ind. Comm. Sch. Dist.*, is misplaced. In deciding whether students' use of armbands to express certain views was protected speech under the First Amendment, 393 US at 505, the Court did not consider or address whether a student had a right to use vulgar language to disrupt a routine administrative process. As explained, plaintiff plainly did not have the right to use such language and therefore his allegations do not come close to identifying a clearly established First Amendment that Jeffords' conduct violated.  *See, e.g.*, *Sasser v. Board of Regents of Univ. System of Georgia*, No. 21-14433, 2023 WL 2446720 (11th Cir 2023) (holding in an unpublished opinion that university officials had qualified immunity based on conduct when the plaintiff was suspended for using a racial slur at a football game).

### d.       Plaintiff does not allege knowingly unlawful conduct.

Since plaintiff cannot establish that Jeffords violated a clearly established right, plaintiff cannot establish that Jeffords knowingly violated the law. Without alleging specific facts demonstrating that plaintiff had a right to make vulgar and lewd speech during the vaccine exemption and student conduct processes, plaintiff cannot establish that Jeffords acted unreasonably in her conduct or that she understood that in doing her job she was violating plaintiff's rights.

Therefore, this court should also grant qualified immunity to Jeffords with respect to this claim and dismiss plaintiff's First Amendment-retaliation claim as a matter of law.

### D.       Plaintiff's Section 1983 First Amendment-Retaliation Claim On Behalf of Plaintiff's Mother Should be Dismissed (Fifth Count).

In plaintiff's Fifth Count, plaintiff appears to be raising a Section 1983 derivative First Amendment-retaliation claim on behalf of his mother. No allegations suggest that plaintiff's

Page 25 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

mother could not bring her own claim; therefore, plaintiff does not have standing to assert the fifth claim against PSU.

In general, a plaintiff only has standing to bring a claim when they suffered an "injury in fact" that was caused by defendant and that a court can redress. *Carroll v. Nakatani*, 342 F3d 934, 940 (9th Cir 2003). In narrow circumstances, a party could bring a First Amendment-retaliation claim based on third-party standing when the party asserting the claim must show: "(1) an injury in fact; (2) a close relationship to the third party; and (3) the existence of a hinderance to the third party's ability to protect his or her own interests." *Cain v. Tigard-Tualatin Sch. Dist. 23J*, 262 F Supp 2d 1120, 1128 (D Or Jan 8, 2003); *see also Wasson v. Sonoma Cnty. Junior Col.*, 203 F3d 659, 663 (9th Cir 2000) ("[p]arties ordinarily are not permitted to assert constitutional rights other than their own"). Here, plaintiff's amended complaint lacks any allegations suggesting that his mother is hindered from protecting her own interests. Therefore, plaintiff's derivative First Amendment claim against PSU should be dismissed.

In any event, PSU would be entitled to Eleventh Amendment immunity if this claim were adequately pleaded. It should be dismissed as a matter of law.

Accordingly, because plaintiff fails to state a claim under the ADA, the Fourteenth Amendment, and the First Amendment, plaintiff's amended complaint should be dismissed in its entirety. Since further amendment would be futile, leave to amend, if requested, should be denied. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F3d 336, 339 (9th Cir 1996).

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

E.    **Plaintiff's Claims Against Jeffords Should Also Be Dismissed Because Plaintiff Did Not Properly Serve Jeffords.**

Plaintiff's claims against Jeffords should be dismissed pursuant to Fed R Civ P 12(b)(5) for the separate reason that plaintiff did not properly effect sufficient service upon Jeffords.

Here, it appears plaintiff may argue that he served Jeffords via "office service" under Oregon Rule of Civil Procedure D(2)(c). On December 4, 2023, PSU was served two copies of the amended complaint to the Office of the General Counsel, including Jeffords' copy. (Declaration of Clair Callaway Pinkerton in Support of Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain ("Pinkerton Decl.") ¶ 3.) But Jeffords was no longer employed at PSU at the time of the attempted service. (Pinkerton Decl. ¶ 4; Declaration of Susan Jeffords in Support of Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain ("Jeffords Decl.") ¶ 2.) Moreover, Jeffords worked in the Office of the Provost—not the Office of the General Counsel, so the copy sent to the Office of the General Counsel was not to Jeffords even if she had still worked at PSU. (Pinkerton Decl. ¶ 4.).

Fed R Civ P 12(b)(5) permits defendants to challenge the sufficiency of the service of the complaint and summons and the method of service. A defendant does not fall within the personal jurisdiction of the federal court unless the defendant has been properly served under Fed R Civ P 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F2d 682, 688 (9th Cir 1988). Fed R Civ P 4(e)(1) provides that an individual may be served by "following state law for serving a summons." The Oregon Supreme Court explained that ORCP 7 D provides guidance about service methods that comply with ORCP 7 D(1)'s requirement that a plaintiff must provide "reasonable notice" to a defendant through serving a

Page 27 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

complaint and summons. *Baker v. Foy*, 310 Or 221, 224-25, 797 P2d 349 (1990); ORCP 7 D(1). Under ORCP 7 D(3), certain methods are presumptively sufficient according to categories of defendants. *Baker*, 310 Or at 226. When plaintiffs use another method than those set forth in ORCP 7 D(3), courts examine "the totality of the circumstances, to determine if the service of summons was reasonably calculated to provide defendant with notice of the action and reasonable opportunity to appear and defend." *Id.* at 225.

Oregon law provides that individual defendants are properly served by "personal delivery of true copies of the summons and the complaint the defendant or other person authorized by appointment or law to receive service of summons on behalf of the defendant, by substituted service, or by office service." ORCP 7 D(3)(a)(i). Jeffords, an individual defendant, did not receive service of plaintiff's amended complaint or a summons. (Jeffords Decl. ¶ 3.) Concerning office service, ORCP 7 D(2)(c) explains that office service is completed by delivering service documents to the person in charge of the office that the individual maintains for the conduct of business and additionally, mailing a copy to a location "that is most reasonably calculated to apprise the defendant of the existence and pendency of the action."

But in this case, plaintiff failed to effect service that would satisfy service of an individual defendant under ORCP 7 D(3)(a)(i). Not only did Jeffords not receive any copy of the amended complaint, but the attempted office service was ineffective because Jeffords did not maintain an office where it was delivered. (Pinkerton Decl. ¶ 4; Jeffords Decl. ¶ 3.) Therefore, plaintiff attempted office service upon Jeffords solely by delivering the amended complaint to a place she no longer worked—and without any follow up by mail to Jeffords—or any other manner of service, was not reasonably calculated to apprise Jeffords of the lawsuit. Therefore, all

Page 28 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

claims against Jeffords should be dismissed. *See Liu v. Portland State Univ.*, 2016 WL 1228580, at \*3 (D Or Mar 28, 2016) (determining that the plaintiff did not accomplish office service or service because the defendants did not work in the office in which the plaintiff had the service documents delivered and mailed).

**F.      Alternatively, the Court Should Order Plaintiff to Make his Allegations More Definite and Certain.**

Under Fed R Civ P 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Although such motions are generally disfavored, a motion for a more definite statement is proper "if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *See Barnes v. Olive,* No. 2:15-cv-00520-HZ, 2015 WL 5813193, at \*2 (D Or Sept 30, 2015).

In the event the Court disagrees that plaintiff's amended complaint should be dismissed, Defendants respectfully request that plaintiff be ordered to make his allegations more definite and certain. Although Defendants have attempted to respond to each of plaintiff's claims, plaintiff's amended complaint still suffers from many of the same deficiencies as the original complaint. (ECF No. 001.) Specifically, plaintiff comingles allegations, claims, and concepts into single paragraphs or even sentences and it is unclear what claims plaintiff is asserting and against what defendant. For example, plaintiff alleges that he had to pay full price to retake classes in violation of the ADA, but plaintiff fails to identify which classes he had to retake and why, or when the classes and tuition payments occurred, which makes it impossible to meaningfully analyze the claim. (Am. Compl. ¶¶ 34, 37.)

Page 29 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

If this Court does not dismiss plaintiff's amended complaint in its entirety under Fed R Civ P 12(b)(6), plaintiff should be ordered to amend consistent with the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

Plaintiff's lawsuit does not and cannot assert viable claims against Defendants. Plaintiff does not plead sufficient facts to establish a claim under the ADA because no facts suggest PSU intentionally discriminated against him because of his disability. Further, plaintiff's First and Fourteenth Amendment claims against Defendant PSU fail as a matter of law because PSU is entitled to Eleventh Amendment immunity and because he did not allege facts plausibly suggesting that his rights were violated. Jeffords is entitled to qualified immunity concerning the First and Fourteenth Amendment claims against her, but additionally, plaintiff's service of Jeffords was insufficient and therefore the claims should be dismissed for that additional reason.

To the extent that this Court does not dismiss plaintiff's amended complaint in its entirety, this Court should direct plaintiff to make his allegations and claims more definite and certain.

DATED this 9th day of January, 2024.

MILLER NASH LLP

s/*Erin M. Burris*
Erin M. Burris, OSB No. 155379
erin.burris@millernash.com
Cristela Delgado-Daniel, OSB No. 193519
cristela.delgadodaniel@millernash.com

Attorneys for Defendants

Page 30 -  Defendants' Motion to Dismiss or In the Alternative Make More Definite and Certain

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Defendant's Motion to Dismiss or In the Alternative Make More Definite and Certain on the party listed below on the date set forth below by the method(s) indicated:

Cale McCollough
3170 W 14th Ave
Eugene, OR 97402
Email: chalmccollough@hotmail.com

*Pro Se Plaintiff*

by the following indicated method or methods on the date set forth below:

☐     **CM/ECF system transmission.**

☒     **Email (Courtesy Copy).**

☒     **First-class mail, postage prepaid.**

☐     **Hand-delivery.**

☐     **Overnight courier, delivery prepaid.**

DATED this 9th day of January, 2024.

s/*Erin M. Burris*
Erin M. Burris, OSB No. 155379

*Of Attorneys for Defendants*

Page 1 -   Certificate of Service

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
US BANCORP TOWER
111 SW FIFTH AVE, STE 3400
PORTLAND, OREGON 97204