IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CALE MCCOLLOUGH**, <br><br> Plaintiff, <br><br> v. <br><br> **PORTLAND STATE UNIVERSITY** and **SUSAN JEFFORDS**, <br><br> Defendants. | Case No. 3:23-cv-1582-AR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jeff Armistead issued Findings and Recommendation in this case on October 25, 2024. Judge Armistead found that Portland State University and Susan Jeffords in her official capacity have Eleventh Amendment immunity for Plaintiff's constitutional claims and that Jeffords in her individual capacity has qualified immunity for Plaintiff's constitutional claims. Judge Armistead also found that Plaintiff fails to state a claim under Title II of the Americans with Disabilities Act ("ADA") because he has not pleaded facts showing intentional discrimination or a failure to accommodate his alleged disability. Accordingly, Judge Armistead recommended that this Court dismiss Plaintiff's claims alleging

PAGE 1 – ORDER

retaliation in violation of the First and Fourteenth Amendments and discrimination based on disability in violation of the ADA in their entirety without leave to amend.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff, representing himself, filed an objection.[1] Plaintiff argues that Eleventh Amendment immunity and qualified immunity do not apply to Defendants, that Defendants violated his due process rights by using a preponderance of the evidence standard in his student conduct process and not providing him with an in-person hearing, and that Plaintiff stated claims under the ADA for intentional discrimination and failure to accommodate. Defendants timely responded. The Court has reviewed *de novo* the Findings and Recommendation, as well as Plaintiff's objections and Defendants' response. The Court agrees with Judge Armistead's reasoning and adopts the Findings and Recommendation.[2]

---

[1] The Court considers Plaintiff's objections despite procedural defects. Plaintiff filed his objections four days after the deadline. Plaintiff also did not comply with Local Rule 7-2; his objections contain more than 35 pages and Plaintiff did not include the required Certificate of Compliance. Although the Court construes the pleadings of *pro se* parties liberally, *pro se* parties still must comply with the local rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other litigants."); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "*pro se* litigants are not excused from following court rules"). Nevertheless, the Court considers the merits of Plaintiff's arguments.

[2] The Court recognizes its obligation to determine whether it has jurisdiction over this case, including whether Defendants have Eleventh Amendment immunity for Plaintiff's ADA claim. The Ninth Circuit has held that courts should engage in a case-by-case, three-step analysis to determine if the Eleventh Amendment bars a claim under Title II of the ADA. *See Kohn v. State Bar of Cal.*, 119 F.4th 693, 698 (9th Cir. 2024). Due to the unique circumstances of this

The Court ADOPTS the Findings and Recommendation (ECF 29). The Court GRANTS Defendants' motion to dismiss (ECF 18). The claims dismissed based on sovereign immunity and qualified immunity are dismissed without leave to amend. Because Judge Armistead previously described the deficiencies in Plaintiff's ADA claim and provided him the opportunity to cure those deficiencies, ECF 7, and Plaintiff was unable to cure those deficiencies in his amended complaint, the Court also dismisses his ADA claim without leave to amend.

**IT IS SO ORDERED.**

DATED this 2nd day of December, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

case—namely, that Judge Armistead previously described the deficiencies in Plaintiff's ADA claim and ordered Plaintiff to amend that claim and now recommends dismissing that claim without leave to amend—the Court does not engage in this analysis.