FILED

JUL 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Mr. CHAL JAMISON MCCOLLOUGH,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>PORTLAND STATE UNIVERSITY, c/o Ann Cudd; SUSAN JEFFORDS, of Portland State University,<br><br>Defendants - Appellees. | No. 24-7617<br><br>D.C. No.<br>3:23-cv-01582-AR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 15, 2026**

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

While a student enrolled at Portland State University (PSU) in 2021, Chal McCollough sought exemption from PSU's COVID-19 vaccination requirement via email. Using crude language and a variety of expletives in his email, he accused

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

PSU's policies of being unlawful and politically motivated. PSU officials referred McCollough for student disciplinary proceedings, which eventually resulted in his suspension and expulsion.

McCollough sued, bringing a variety of civil rights claims under federal and state law, including that PSU engaged in unlawful First Amendment retaliation and violated his due process rights under 42 U.S.C. § 1983.[1] The district court, adopting the findings and recommendations of the magistrate judge, dismissed the complaint, and McCollough now appeals pro se. We review de novo a district court's order dismissing a complaint for failure to state a claim. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

1. Due process claims. While this court has recognized that students' due process rights may be implicated by public school disciplinary proceedings, *see K.J. by and through Johnson v. Jackson*, 127 F.4th 1239, 1252 (9th Cir. 2025), we have not imposed a particular evidentiary standard on those proceedings. Thus, the

[1] McCollough's opening brief asks this court to reverse two orders denying McCollough's request for the magistrate and district court judges to recuse themselves from his case. Because the recusal orders were issued after his claims were dismissed and McCollough did not file a notice of appeal, we do not consider the orders to be before this court. We also decline to consider McCollough's arguments under the Oregon Constitution or disparate impact claims under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act, which he raises for the first time on appeal.

district court properly dismissed McCollough's claim that PSU's student conduct process violated his Fourteenth Amendment due process rights because the disciplinary hearing allegedly failed to impose a "preponderance" or "substantial evidence standard."

2. Sovereign immunity. The district court erred in adopting the magistrate judge's conclusion that PSU is immune from Kane's other Section 1983 claim for First Amendment retaliation. The magistrate judge failed to apply the controlling test established in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) (en banc), in which the Ninth Circuit updated its approach to analyzing whether an entity qualifies as an arm of the state. Instead of applying *Kohn*, the magistrate judge cited decades-old district court cases which state that Oregon's universities should be considered arms of the state. We reverse and remand for application of the *Kohn* test.

3. First Amendment retaliation claim. The district court also erred in concluding that McCollough failed to plead a plausible First Amendment retaliation claim.

First, the district court erred in concluding that McCollough failed to establish his speech merited First Amendment protection. Though it is true that public schools may occasionally regulate student speech, the Supreme Court has repeatedly cautioned that such regulations only pass constitutional muster when there exists a

significant state interest to do so. In *Mahanoy Area Sch. Dist. v. B.L. by and through Levy*, 594 U.S. 180 (2021), the Court enumerated four categories of circumstances that justify school regulation of student speech: (1) lewd, sexually explicit content shared with minors in a school assembly; (2) speech promoting illegal drug use on school trip; (3) speech that may imply endorsement of the school; and (4) speech which "materially disrupts classwork" or invades others' rights). 594 U.S. at 187-88.

McCollough's language was crass and disrespectful. But even crude language used to communicate a political point may merit First Amendment protection. As the Supreme Court famously held, even a jacket emblazoned with "Fuck the Draft" was protected under the First Amendment. *See Cohen v. California*, 403 U.S. 15, 18 (1971). Further, PSU's sole rationale for initiating the disciplinary proceedings—that a single email was upsetting to school officials—fits none of *Mahanoy*'s four categories.

And while the Ninth Circuit has held that speech which occurs in a nonpublic forum within the school setting may occasionally be regulated by a university, the regulation must be both "reasonable and viewpoint neutral." *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (emphasis added). But if PSU disciplined McCollough for his anti-vaccine opinions, no matter how intemperate the language—as alleged in the complaint—then PSU's actions would not be viewpoint

neutral. At least at the pleading stage, McCollough has sufficiently shown that his speech merits First Amendment protection.

Second, the district court wrongly concluded that McCollough failed to plead the "motivation" element of a First Amendment retaliation claim—*i.e.*, that the school's adverse action against him was performed for the purpose of limiting his speech—because McCollough did not plead that the individual defendant official, Jeffords, took personal offense to his email. McCollough alleges that PSU sent him a notice stating that he was being disciplined because of his profane language and that such insults "disrupted the work of the employees at the University's Student Health and Counseling Center." Jeffords then facilitated the disciplinary proceedings.

But at the motion to dismiss stage, we cannot accept PSU's assertion that his email disrupted the work of its employees or that it acted because of that purported reason. McCollough has met his burden to show that his speech itself—with its heated rhetoric on a controversial political issue—could have been a "substantial or motivating factor" for PSU's discipline. *See Reges v. Cause*, 175 F.4th 1014, 1029 (9th Cir. 2026); *see also Koala v. Khosla*, 931 F.3d 887, 905-06 (9th Cir. 2019) (finding plaintiff proved retaliatory motive by alleging nexus between university officials' public disapproval of plaintiff's publication and the publication's defunding by other university officials).

4. Qualified immunity. The district court's rationale for granting Jeffords qualified immunity was the same conclusion that we reject above—*i.e.*, the finding that there exists no clearly established right to use profane or crass language in nonpublic communications in the school setting. Accordingly, we disagree that Jeffords is entitled to qualified immunity at this stage of proceedings.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.